IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James B. Curry, #186737, ) | C/A No.: 1:16-2733-JFA-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | REPORT AND RECOMMENDATION |
| United States Supreme Court; Scott S. ) | |
| Harris, Clerk of Court for the Supreme ) | |
| Court of the United States, ) | |
| ) | |
| Defendants. ) | |
| ) | |

James B. Curry ("Plaintiff"), proceeding pro se and in forma pauperis, is an inmate incarcerated at Lee Correctional Institution. He filed this action pursuant to 42 U.S.C. § 1983 against the United States Supreme Court ("Supreme Court") and Scott. S. Harris, Clerk of Court for the United States Supreme Court ("Harris") (collectively "Defendants"), alleging a violation of his constitutional rights. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(f) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.      Factual and Procedural Background

Plaintiff alleges he filed a petition for a writ of certiorari in the Supreme Court in reference to his "state habeas corpus being in violation of Rule #240 S.C.A.C. Rules." [ECF NO. 1 at 2]. Plaintiff claims he served the petition and a waiver form on the South

Carolina Attorney General, whose counsel, Benjamin Aplin ("Aplin"), signed and returned the waiver form to Plaintiff "stating he did not intend to file a response to the petition." *Id.* Plaintiff states he sent the signed waiver form to the Supreme Court, and on April 4, 2016, Harris sent Plaintiff a letter denying his petition for writ of certiorari. *Id.* Plaintiff alleges he filed a petition for rehearing and requested an order signed by the Supreme Court justices. *Id.* Plaintiff claims he received another letter from Harris on May 16, 2016, stating his petition for rehearing was denied. *Id.* Plaintiff argues that because "Rule 12.6 states that parties who file no documents will not qualify for any relief from the Court" and Aplin signed a waiver, the Supreme Court should have granted his petition for writ of certiorari. *Id.* at 5. Plaintiff seeks injunctive relief. *Id.*

II.     Discussion

   A.     Standard of Review

Plaintiff filed this complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.     Analysis

Plaintiff alleges Defendants violated his civil rights when his petition for writ of certiorari was denied, despite Aplin having failed to file a response to the petition. [ECF No. 1 at 2–3]. It is well-settled that judges and court support personnel have immunity from a claim for damages and injunctive relief arising out of their judicial actions. *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985). *See also Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992) (internal quotation marks and citation omitted) (finding the doctrine of absolute quasi-judicial immunity has been adopted and made applicable to court support personnel because of "the danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court

reporters, and other judicial adjuncts[.]"); *Abebe v. Seymour*, C/A No. 3:12-377-JFA-KDW, 2012 WL 1130667, *2–3 (D.S.C. Apr. 4, 2012) (finding Section 309(c) of the Federal Courts Improvement Act of 1996, Pub. L. No 104-317, 110 Stat. 3847 (1996) amended § 1983 to bar injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable."). Because Defendants are protected by judicial immunity from Plaintiff's claims, this case is subject to summary dismissal.

III.  Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the court dismiss the complaint without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

August 12, 2016  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).