IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| James B. Curry, #186737,<br><br>        Plaintiff,<br><br>vs.<br><br>United States Supreme Court; Scott S. Harris, Clerk of Court for the Supreme Court of the United States,<br><br>        Defendants. | C/A No. 1:16-2733-JFA<br><br>**ORDER** |

      This matter is before the Court on a United States Magistrate Judge's Report and Recommendation ("Report"), recommending that this Court should dismiss the complaint in this case without prejudice and without issuance and service of process. ECF No. 8.

      On August 2, 2016, Plaintiff James B. Curry, proceeding pro se, filed this action against the United States Supreme Court and Scott S. Harris, Clerk of Court for the United States Supreme Court (collectively "Defendants") alleging a violation of his constitutional rights.[1] ECF No. 1. In addition, Plaintiff moved for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915, ECF No. 2, which was granted on August 12, 2016, by Magistrate Judge Shiva V. Hodges, ECF No. 7.

---

[1] Plaintiff does not specify the manner in which he brings this claim, and the Magistrate Judge couches same as brought pursuant to 42 U.S.C. § 1983. However, Defendants are either federal entities or employees and, as such, it appears to be more appropriate that this action is brought pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Nonetheless, as the United States Supreme Court stated in *Harlow v. Fitzgerald*, "it would be 'untenable to draw a distinction for purposes of immunity law between suits brought against state officials under § 1983 and suits brought directly under the Constitution against federal officials.'" 457 U.S. 800, 818 n.30 (1982) (quoting *Butz v. Economou*, 438 U.S. 478, 504 (1978)). Therefore, despite this modification, the Report's analysis remains correct based upon Defendants' absolute immunity.

1

The Magistrate Judge assigned to this action[2] prepared a thorough Report and opines that this Court should dismiss the complaint in this case without prejudice and without issuance and service of process because Defendants are protected by judicial or quasi-judicial immunity. ECF No. 8. The Report sets forth in detail the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation. The parties were advised of their right to object to the Report, which was entered on the docket on August 12, 2016. ECF Nos. 8, 9. The Magistrate Judge gave Plaintiff until August 29, 2016, to file objections. *Id.* However, no objections were filed to the Report. Thus, this matter is ripe for the Court's review.

The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). In the absence of specific objections to the Report of the Magistrate Judge, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law.[3] Accordingly, the Court adopts

---

[2] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(f) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

[3] The Courts adds to the Report's analysis that the United States Supreme Court was acting within its jurisdiction in denying Plaintiff's petition for a writ of certiorari and his request for a rehearing. *See* 28 U.S.C. § 1257; U.S. Sup. Ct. R. 10 ("Review on a writ of certiorari is not a matter of right, but of judicial discretion."). Therefore, it is protected by absolute judicial immunity. Furthermore, Scott Harris, Clerk of Court for the United States Supreme Court, was fulfilling an integral role in the judicial process as a designee in sending letters to Plaintiff notifying him of the denials of his petition and request for rehearing. *See Jarvis v. Chasanow*, 448 F. App'x. 406 (4th Cir. 2011) (affirming dismissal and citing cases supporting that quasi-judicial immunity is accorded to individuals who play an integral part in the judicial process and clerk's office employees acting as a judge's designee).

and incorporates the Report and Recommendation, as modified, ECF No. 8. Therefore, this complaint is hereby summarily dismissed without prejudice and without issuance and service of process because Defendants are protected by judicial or quasi-judicial immunity.

**IT IS SO ORDERED**.

November 9, 2016  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge