IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| James B. Curry, #186737,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>United States Supreme Court; Scott S. Harris, *Clerk of Court for Supreme Court of the United States*,<br><br>　　　　　　　　　　Defendants. | C/A No. 1:16-cv-02733-JFA<br><br><br>**ORDER** |

　　This matter is before the Court on a United States Magistrate Judge's Report and Recommendation ("Report"), recommending that this Court should dismiss the complaint because the Defendants are protected by judicial or quasi-judicial immunity. (ECF No. 8).

　　Plaintiff James B. Curry ("Plaintiff"), proceeding pro se, is an inmate incarcerated at Lee Correctional Institution ("LCI"). On August 2, 2016, Plaintiff filed this action pursuant to 42 U.S.C. § 1983 against the United States Supreme Court (the "Court") and Scott S. Harris, Clerk of Court for the United States Supreme Court ("Harris") (collectively "Defendants"), alleging a violation of his constitutional rights.[1]

　　On August 12, 2016, Magistrate Judge Shiva V. Hodges issued the Report and Recommendation. (ECF No. 8). On November 9, 2016, this Court issued an order adopting the

---

[1] Plaintiff does not specify the manner in which he brings this claim, and the Magistrate Judge couches the same as brought pursuant to 42 U.S.C. § 1983. However, Defendants are either federal entities or employees and, as such, it appears to be more appropriate that this action is brought pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Nonetheless, as the United States Supreme Court stated in *Harlow v. Fitzgerald*, "it would be 'untenable to draw a distinction for purposes of immunity law between suits brought against state officials under § 1983 and suits brought directly under the Constitution against federal officials.'" 457 U.S. 800, 818 n.30 (1982) (quoting *Butz v. Economou*, 438 U.S. 478, 504 (1978)). Therefore, despite this modification, the Report's analysis remains correct based upon Defendants' absolute immunity.

1

Magistrate's Report, dismissing the Complaint without prejudice and without issuance and service of process. (ECF No. 12). Curry subsequently appealed the Order to the Fourth Circuit Court of Appeals ("Fourth Circuit") on December 22, 2016, claiming that he did not receive the Report.[2] (ECF No. 15). Additionally, Curry paid the USCA Appeal Fees on January 18, 2017. (ECF No. 22). On May 4, 2017, the Fourth Circuit issued an opinion, vacating this Court's decision and remanding to the same to determine whether Plaintiff actually received the Report. (ECF No. 24). On July 20, 2017, the Court again mailed the Report to Plaintiff and issued an order allowing Plaintiff until August 3, 2017 to respond to the Report. (ECF Nos. 27-28). On August 15, 2017, Plaintiff appealed, once again claiming that he did not receive a copy of the Report. (ECF No. 31). The Court issued yet another order on August 30, 2017, directing the Clerk of Court to mail the Report to the Plaintiff, giving the Plaintiff seventeen (17) days from the receipt of the Report to file objections. (ECF No. 38). The certified mail receipt from the Postmaster indicates that the Report was received at LCI by U. Greene for the Plaintiff on September 5, 2017. Thus, the Court re-established the deadline for Plaintiff to file objections to the Report for September 19, 2017. (ECF Nos. 40-41).

On September 12, 2017, Plaintiff filed another motion, asserting that he again did not receive a copy of the Report but that he did receive the Court's order from August 30, 2017.[3] (ECF No. 44). On September 15, the Clerk was thereafter directed to resend the Report (ECF No.

---

[2] On December 22, 2016, a notice of appeal was docketed. (ECF No. 15). Due to the fact that Plaintiff did not file a motion for reconsideration nor notify this Court of his failure to receive the Report prior to his notice of appeal, this Court was unable to address the issue and awaited the Fourth Circuit's order and mandate. On May 4, 2017, the Fourth Circuit issued an opinion; however, Plaintiff filed a petition for rehearing and subsequent filings so the mandate was not issued until July 18, 2017. ECF Nos. 24, 25; Docket No. 16-7764, Appellate ECF Nos. 21–33.

The Court notes that Plaintiff previously had a different case before this Court, Docket No. 1:16-cv-01676-JFA (D.S.C.), wherein he filed a motion for reconsideration notifying this Court that he had not received the report and recommendation. Docket No. 1:16-cv-01676-JFA (D.S.C.), ECF No. 29. Upon receiving his motion, the Court re-opened the case and vacated its prior order on that report and recommendation to allow him an opportunity to object. *Id.*, ECF No. 30. Thus, had Plaintiff informed this Court of the alleged issue with the order in this case, the Court would have taken a similar position and allowed him an opportunity to object.

[3] (ECF No. 38).

8) and relevant orders (ECF Nos. 12, 28, 38) by certified mail to the Plaintiff, as well as a copy of the most recent docket sheet. (ECF No. 44). This Order was delivered to the Plaintiff on September 19, 2017. (ECF No. 46). The Court thereafter set the deadline for objections to the Report for October 6, 2017. (ECF No. 47). On September 21, 2017, Plaintiff filed his objection to the Report.[4] (ECF No. 48).

The Magistrate Judge assigned to this action[5] prepared a thorough Report and opines that this Court should dismiss the Complaint in this case without prejudice and without issuance and service of process because the Defendants are protected by judicial or quasi-judicial immunity. (ECF No. 8). The Report sets forth in detail the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). In the absence of specific objections to the Report of the Magistrate Judge, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

In the present case, Plaintiff has not made any specific objections to the Magistrate's Report.[6] (ECF No. 48). Instead, the Plaintiff has repeatedly claimed that he has not received a copy of the Report. (ECF No. 48). However, the Report, the Court's orders, and a copy of the

---

[4] Plaintiff also filed a petition for Writ of Mandamus on September 21, 2017. (ECF No. 49).
[5] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(f) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).
[6] **Error! Main Document Only.**The plaintiff's "objection" (ECF No. 50) informs the court that the Plaintiff is not pursuing any action against the court *once* its order is sent directing that the Plaintiff be transported to the Chester County Detention Center to await a new trial. The Plaintiff does not address any of the threshold issues raised by the Magistrate Judge in her Report dealing with judicial immunity. *See* (ECF Nos. 48, 50).

most recent docket sheet were received for Plaintiff at LCI by D. Eastrider on September 18, 2017. (ECF No. 46).

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. The Court adds to the Report's analysis that the United States Supreme Court was acting within its jurisdiction in denying Plaintiff's petition for a writ of certiorari and his request for a rehearing. *See* 28 U.S.C. § 1257; U.S. Sup. Ct. R. 10 ("Review on a writ of certiorari is not a matter of right, but of judicial discretion."). Thus, it is protected by absolute judicial immunity. Furthermore, Scott Harris, Clerk of Court for the United States Supreme Court, was fulfilling an integral role in the judicial process as a designee in sending letters to Plaintiff notifying him of the denials of his petition and request for rehearing. *See Jarvis v. Chasanow*, 448 F. App'x. 406 (4th Cir. 2011) (citing cases supporting the fact that that quasi-judicial immunity is accorded to individuals who play an integral part in the judicial process and that clerk's office employees, acting as a judge's designee, are entitled to the same).

Accordingly, the Court adopts and incorporates the Report and Recommendation, as modified. (ECF No. 8). Therefore, this Complaint is hereby summarily dismissed without prejudice and without issuance and service of process because Defendants are protected by judicial or quasi-judicial immunity.

**IT IS SO ORDERED**.

*Joseph F. Anderson, Jr.*

November 30, 2017  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge